IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWOYN TERRELL SPENCER,
No. 14781-041,

       Petitioner,

vs.                                     Case No. 14-CV-00893-DRH

JAMES CROSS, JR.,

       Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief District Judge:**

      Petitioner Antwoyn Terrell Spencer is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, located within the Southern District of Illinois. On August 4, 2014, Spencer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petition is aimed at upsetting Spencer's conviction and sentence, by way of challenging the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence without an evidentiary hearing.

      This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## I. Discussion

### A. Synopsis of Procedural History

In 2007, a jury in the Southern District of Indiana convicted petitioner Spencer of conspiring to distribute crack cocaine, and other related charges. *United States v. Spencer, et al.*, Case No. 07-cr-174-JRT-JJG-1 (D. Minn.). He was sentenced 324 months in prison. The conviction and sentence were affirmed on direct appeal. *See United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010).

Spencer, proceeding *pro se*, filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising issues of ineffective assistance of trial and appellate counsel (Doc. 338 in the criminal case). More specifically, he raised issues regarding the sufficiency of the evidence, the jury instructions, trial counsel's failure to object to remarks of a co-defendant's counsel regarding Spencer "hiding behind the Fifth Amendment," and appellate counsel's failure to challenge the drug quantity and sentence. The government was ordered to respond (Doc. 340 in the criminal case), but no evidentiary hearing was held.

The Section 2255 motion was denied in April 2011 (Doc. 363 in the criminal case). The district court concluded that trial counsel's purported

errors were all raised on appeal and could not be recast under the guise of a Section 2255 motion regarding ineffective assistance of counsel—consequently, the issues could not rise to the higher standard under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Similarly, the district court concluded that appellate counsel *had* challenged the drug quantity and sentence on appeal. The district court declined to issue a certificate of appealability. The Court of Appeals for the Eighth Circuit also declined to issue a certificate of appealability and the appeal was dismissed in October 2011 (Doc. 384 in the criminal case).

Spencer then filed multiple motions pursuant to Federal Rule of Civil Procedure 60, which were denied as successive Section 2255 motions (Docs. 406, 408). He now turns to Section 2241.

**B. The Petition**

In his Section 2255 petition for writ of habeas corpus Spencer continues to try to upset his conviction and sentence by challenging the denial of his initial motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence without an evidentiary hearing (Docs. 338, 363 in the criminal case).

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629

(7th Cir. 2000)). *See also Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Petitioner does not attack the duration of his confinement, *per se.* Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. In effect, petitioner is attempting to use Section 2241 to allow him to reopen the Section 2255 case in the District of Minnesota, and/or present a successive, redundant Section 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Sections 2255(h) and (e)), and ignoring controlling precedent. Nevertheless, the Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241.

Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Hill,* 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002)). *See also Prevatte,* 300 F.3d at 798–99. Spencer seems to be arguing that he did not have an unobstructed opportunity to argue his Section 2255 petition, begging the question whether Section 2255 is inadequate if the petitioner is not afforded a hearing.

"A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Petitioner does not rely on a new statutory interpretation case; he does not even rely upon a new constitutional case. Spencer also fails to assert that there was a fundamental defect in his conviction and sentence, although that is certainly his ultimate goal. He only argues—at most—that Section 2255 has proved to be an ineffective remedy because he was denied a hearing.

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal

citations omitted). *See also* Rule 4(b) of the Rules Governing Section 2254 Cases in United States District Courts. Because the Section 2255 motion was not summarily dismissed after preliminary review and the government was directed to respond pursuant to Rule 5, Spencer perceives that he has been denied *substantive* due process.

The lynchpin of Spencer's argument fails because there is no absolute right to a hearing under Section 2255(b) and Rule 4(b), as Spencer asserts. Rule 8(a) of the Rules Governing Section 2254 Cases in United States District Courts prescribes that if the Section 2255 petition is not summarily dismissed upon initial review, the district court should review the answer and record of prior proceedings and *then* determine whether an evidentiary hearing is warranted. *See also Almonacid v. United States*, 476 F.3d 518 (7th Cir. 2007). A court can even permit discovery, and still make its ruling without a hearing. *See Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *see also* Rules 6 and 7 of the Rules Governing Section 2254 Cases in United States District Courts. That is exactly what occurred—the government's answer and the record were examined, and the district court determined that no hearing was necessary. A review of the order denying the Section 2255 motion reveals that the district court's decision rests entirely upon issues of law (*see* Doc. 363 in the criminal case).

As noted above, the district court concluded that trial counsel's purported errors were all raised on appeal and could not be recast under the guise of a Section 2255 motion, and the issue underpinning the argument that

appellate counsel was ineffective—despite Spencer's assertion to the contrary—was also raised on appeal. Put succinctly, the district court concluded that, as a matter of law, Spencer was not entitled to a second bite at the apple. No evidentiary hearing was necessary for the Section 2255 motion to be denied on this legal basis, therefore there was no need for an evidentiary hearing. Petitioner does not take issue with merits of the district court's decision itself. Consequently, Spencer cannot utilize the savings clause and his Section 2241 petition fails on its merits.

## II. Conclusion

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition (Doc. 1) is **DISMISSED** with prejudice. Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-

day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 10th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.10 12:25:36 -05'00'

**Chief Judge**
**United States District Court**